Porter, J.*
delivered the opinion of the court. This action is brought by the heirs Pierre Bouthemy, deceased, to annul and set aside his last will and testament; or, in case it is declared valid, to have certain legacies granted by it avoided, and the executor compelled to render an account of his administration. The case has been already before us, and was remanded for further proceedings. 10 Martin, 1.
It has been tried on its merits. The district court gave judgment for the defendants, and the plaintiff's have appealed.
In this court, they have relied on the following grounds for the reversal of the judgment of that of the first instance:—
1. The legacy of the universality of his furniture, bequeathed by the testator to his concubine, is void. Civil Code, 210, art. 10, and 232, art. 115.
2. The will is void, not being clothed with *640 formalities required by law, to give it validity. Civil Code, 228, art. 96-232. art. 108.
3. The proceedings had on the will, before the court of probates, are void, for not having been preserved, and conducted in the language in which the constitution of the United States is written. 1 Martin’s Dig. 114. 2 Martin's Rep. 227, 10 ib. 1.
The first point has been abandoned in argument, and the conclusions which we have come to on the second, will render a decision of the last, unnecessary at this stage of the cause.
In support of his second ground, the counsel for the plaintiffs has contended: that the names of the witnesses should be inserted in the body of the testament; that the proof of its execution has been only made by one witness; that the testator did not present the will to the witnesses; that, admitting the court should be of opinion that he did, it was not to a sufficient number of them; and lastly, that the witnesses did not all sign at the same time.
The first of these positions, in the order necessary for an examination of the case on its merits, is that which objects to the proof by one witness of the will, and the facts connected *641 with its execution. In support of it we are referred to the Civil Code, 310, art. 243-244; where it is said, it is provided, that the single testimony of a witness can only be received, to establish facts, when the value of the object does not exceed the sum of $500, or there is a commencement of proof in writing.
These provisions of our law do not extend to such a case as that before us. They expressly limit the incompetency of a single witness, to cases where the establishment of a covenant (convention) is made to depend on his testimony. Now a will is not a covenant.
The other grounds, on which it is contended the nullity of the testament must be decreed, will be better understood by stating the evidence received in respect to its execution.
The will is a nuncupative one, under private signature, and purports to be made in the presence of the witnesses. But according to a document introduced by the plaintiffs, it appears, that the witnesses in proving it before the court of probates declared, that it had been written out of their presence, and one of them added, that it was written at the solicitation and request of the testator, who certified it in presence of the witnesses *642 and signed it, and declared that it was his last will.
On the trial it was proved, that the will was signed in the hand writing of the testator, and Le Cesne swore, that he was present when Bouthemy signed the instrument, and that the witness saw him affix his name thereto, and four other witnesses sign it; that he was in his bed, and that one Desbois, read over the will to the witness in his presence; that Bouthemy requested Desbois to read the testament to the witnesses, which he did, and that Bouthemy told the witnesses that it was his testament.
This testimony was excepted to; but the doctrine is well settled in this court, that witnesses to a will can be received to contradict enunciations contained in it Knight vs. Smith, 3 Mart. 156. Marie vs. Avarts' heirs. 10 ib. 25.
To the validity of the instrument established by this proof, it is objected, that the names of the witnesses should be inserted in the testament, as well as written at the bottom of it. On referring to the Code, where the manner of making a nuncupative act, under private signature, is prescribed, we find certain acts necessary in order that it be valid, and a declaration that no other formalities are required. *643 As inserting the names of the witnesses in the body of the act is not one of these formalities, we cannot say it should make one of them, for we are forbid to require any other but those which the law has enumerated. Toullier, Droit Civil François, 5, l. 3, tit. 2, c. 5, n. 480.
We give no opinion on the objection, that all the witnesses should have signed at the same time, for we think it comes too late. As it was a matter which depended on the proof that might be adduced, the plaintiffs should have alleged it in the court below, and given the defendants an opportunity to contradict it. From the course which the examination of the witnesses took, it appears, such a fact was not considered to be at issue; nor was it, by the pleadings. The original petition alleges two grounds of nullity, viz. that the testament was not written by the testator, nor by any other person from his dictation, in the presence of the witnesses; and that it was not presented by him with such a declaration as the law requires, when written out of their presence. The supplemental petition adds, that neither the names nor the domicil of the witnesses were mentioned in the will; and that the proceedings had before the court of probates, *644 under it, were void, because they were not conducted in the language in which the constitution of the United States is written.
The great question in this case is, whether the will was presented by the testator to the witnesses, in such a manner as the law directs. The formalities which the legislature have prescribed, as guards against the frauds which men from feebleness of mind and body are exposed to in their last moments, are matters of strict law, and courts have been severe in exacting a rigid observance of them. We think, however, that a scrupulous attention to forms can be well reconciled with a decision which will give effect to the instrument now submitted.
For the validity of a nuncupative will, under private signature, it is sufficient if the testator, in the presence of five witnesses, presents the paper on which he has written his testament, or caused it to be written out of their presence, declaring to them that, that paper contains his last will; that he signs it, if he knows how or is able, and that the witnesses, or one of them, also put their names to it.—— Code 228, art. 95.
In the case before us, it has been proved, *645 that the will was written by the direction the testator, that it was read over to him; and that it was signed by him; but it is objected, he did not present the testament to the witnesses and declare it to be his. We do not, understand the law to be, that these words are so material, and of such solemnity, that they cannot be supplied by others expressing the same ideas. Directing an instrument to be read over to witnesses, accompanied with the testator’s assertion, that it was his last will and testament, (as, is in evidence, was done here) we think the same thing, as if he had declared it to be his. We are also of opinion, the will was presented. This word, in the sense in which it is used in the law, means, to exhibit to view, or notice, and is fully satisfied by the testator’s requesting his will to be read over to the witnesses, and telling them it was his. We are unable to find any force in the argument, that the instrument should be delivered by the testator, with his own hand, to the witnesses: a ceremony which would often deprive the citizen of the power of making a will at all; as the instances are frequent where bodily weakness would render it impossible to do so, though the mind was sound and healthy. The *646 object of the legislature was, that the act should be transmitted from the testator to the witnesses, in their presence, in such a way as to evident, it emanated from him.—The court of cassation in France has held, in construing a law on the same subject, expressed in the same words as ours, that the presentation need not be manual, that the object of the law was to guard against a false testament being substituted in place of the real one, and that object was accomplished when the testator either presented it with his hands, or indicated it by gestures or signs. Sirey, 14, 458. 18 ib. 210.
On the last point made, that all the proceedings had under the decrees of the court of probates, are void, and that the whole estate must be given up with its rents and profits, we give no opinion. On examining the evidence, we find that the orders and judgments of the court are in the language in which the constitution of the United States is written ; and we are far from being prepared to say, that the circumstance of their being rendered on petitions written in another language, will so affect them with nullity, as to render every thing done under them void—whether they *647 can be contended to be any thing more than voidable. The effect, however, of the proceedings can with more propriety be decided on, when we know what they were. As there is a prayer for the executor to give an account of his administration, the law can be better applied to the various acts of it, when the evidence of them are before us, than by laying down, at this stage of the proceedings, any general rules, as to which of them may be good, and which of them invalid.
Seghers for the plaintiffs, Cuvillier for the defendants.
It is therefore ordered, adjudged and decreed, that the judgment of the district court, be annulled, avoided and reversed, and this cause be remanded with direction to the judge, to compel the executor to render an account of his administration according to law ; and it is further ordered, that the appellees pay the costs of this appeal.

 Martin, J. did not join in this opinion, having some interest on the question.