*CONWAY & AL.* vs. *CHINN.*

APPEAL from the court of the second district.

PORTER, J., delivered the opinion of the court. That part of the application for a re-hearing, and that only, which relates to a supposed error of the court, in considering there was no statement of facts, requires to be particularly noticed.

A judge cannot certify after judgment, that the record contains all the matters on which the case was decided, unless it appears it was tried on written documents.

In the opinion delivered with the judgment of this court, we stated there was no statement of facts. The certificate of the judge being made out months after the trial and decree, was regarded by us as a nullity.

The law allowed the judge to certify at any time, if the cause was tried on written documents. It prohibited him from doing so, if parol evidence was heard. This record does not show the case was decided on written documents alone : no evidence appears on it. Whether any was given or not, we can only learn from a certificate, which cannot give us judicially, the knowledge of what transpired at the trial, unless the case was tried on written documents. There is perhaps not so much danger that the judge should forget

East'n. District.
*May,* 1826.

CONWAY & AL.
*vs.*
CHINN.

the whole of the parol evidence as a part of it; but the law has made no exception, and we can make none.  10 *Martin*, 645;  3 *ibid.*, 204; 5 *ibid.*, 666.  Whether the Code of Practice has made any change in the law need not be inquired into, as the case was decided months before it was in force.

The re-hearing is therefore refused.

*Watts and Lobdell* for the defendant.